```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
UNITED STATES OF AMERICA                :
                                        :
v.                                      :  CIV. NO. 3:08CV513 (WWE)
                                        :
JONATHAN JAEGER                         :
                                        :
                                        :
```

RULING ON PENDING MOTIONS TO COMPEL [DOCS. ##21 AND 31] AND

PLAINTIFF'S ORAL MOTION FOR ATTORNEY'S FEES

The Court heard oral argument on October 15, 2009 and, after careful consideration, the Court **DENIED** defendant's Motions to Compel [Docs. 21 and 31] for the following reasons.

Background

The United States seeks to reduce an unpaid federal income assessment made against Jonathan Jaeger to judgment and to foreclose a federal tax lien on property located at 7 Blue Coat Lane, Westport, Connecticut.  The Internal Revenue Service ("IRS") may make assessments against a taxpayer for unpaid taxes, interest, and statutory additions. 26 U.S.C. § 6201, et seq. Under this statutory authority, the IRS made assessments against Jonathan Jaeger for unpaid income taxes for the tax year ending December 31, 2002, along with interest and other statutory additions.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. v. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Defendant's Motions to Compel

Defendant's motions rely on jurisdictional assertions that are not relevant or material to the issues in this case. Mr. Jaeger argues that he is not subject to the jurisdiction of the Internal Revenue Service.

Defendant's Motion to Compel [Doc. #21] applies to the first set of Interrogatories and Requests for Production, which seeks information relating to the IRS's "legal validation of their

2

claim as required by 15 U.S.C. § 1692(g)."  Doc. #21 at 3.  For example, defendant's Request for Production No. 1 asks the Government to admit "that it has never provided one single document...with respect to any of its claims against respondent."  Id.  The Government stated on the record, and defendant acknowledged, that he has been given a copy of the IRS administrative file.  Defendant's Interrogatory No. 3 asks, "please indicate by name and employee identification number, which Internal Revenue Service employees specifically determined, and by what specific means they did determine, that defendant is subject to the jurisdiction of the Internal Revenue Service, specifically with respect to the issuance of an IRS lien and subsequent levy against defendant."  The defendant argues that the IRS is a private collection agency rather than an agency of the US Government.

   Defendant's Second Motion to Compel [Doc. #31] applies to his second set of Interrogatories and Requests for Production, which seeks information "being used as the basis for plaintiff's petition to seize defendant's home."  At oral argument, Mr. Jaeger stated that he did not file a tax return for 2002.  Defendant's Request for Production No. 1 seeks "copies of IRS official documentation showing that on or about October 20, 2005, $403,060.19 - sent by Ameritrade to the Internal Revenue Service

3

to comply with an administrative levy - was properly credited against Defendant's alleged tax liability."  Doc #31 at 3.  The IRS form 4595 (Income Tax Examination Changes) was provided to defendant in the Government's initial disclosures.  Doc. #33 at 3. The Government also provided Mr. Jaeger with IRS Form 4340 (Certificate of Assessments, Payments, and Other Specified Matter) which detailed all payments and credits including the $206,920.52 from the Ameritrade levy for the tax year at issue. Id.  Additionally, at oral argument, counsel for the Government explained that the monies seized from defendant's Ameritrade account have been applied to delinquencies for tax years 1999 and 2001 as well as 2002, the year at issue in this case.  Despite these credits, a balance still remains.

None of the information defendant seeks in his motions to compel is relevant or material to the case.  It is therefore not discoverable under Rule 26(b)(1).  Accordingly, the Court DENIED defendant's Motions to Compel [Doc. #21 and 31] on October 15, 2009.

Request for Reimbursement of Expenses

The Government's request for reimbursement of reasonable fees incurred in defending these motions and related travel expenses is **GRANTED**.  Counsel will submit an expense affidavit to the Court for review.  Once approved, payment is to be made within

4

sixty (60) days.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 3rd day of November 2009.

                                          /s/
                                HOLLY B. FITZSIMMONS
                                UNITED STATES MAGISTRATE JUDGE