UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff, | :<br>:<br>: |
| v. | :     3:08-cv-513 (WWE) |
| JONATHAN J. JAEGER; TOWN OF WESTPORT,<br>       Defendants. | :<br>:<br>:<br>: |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT JAEGER'S OBJECTION TO DISCOVERY RULING**

Plaintiff United States of America moves for summary judgment on its claim that defendant Jonathan J. Jaeger owes the Internal Revenue Service back taxes in the amount of $274, 610.08, as of April 9, 2009.  Now pending before the Court are plaintiff's Motion for Summary Judgment (Doc. #24) and defendant Jaeger's objection (Doc. #45) to Magistrate Judge Fitzsimmons' ruling on discovery (Doc. #42).  For the following reasons, plaintiff's motion will be granted and defendant Jaeger's objection will be denied as moot.

## BACKGROUND

The parties have submitted briefs and supporting exhibits which reflect the following factual background relevant to this ruling.

On October 18, 2004, the Internal Revenue Service made assessments in the amount of $261,376.00 against Jonathan J. Jaeger for unpaid income taxes, penalties and interest for the tax year ending December 21, 2002.  To date, Jaeger has refused to pay that assessment.  Due to statutory additions, accrued interest and payments, credits and abatements, defendant owed $274,610.08 as of April 9, 2009.  Further,

further statutory additions and interest have accrued since April.  Notices of the assessment and demand for payment were sent to Jaeger.  The complaint seeks to reduce to judgment the assessment made against Jaeger.

Jaeger owns property located on Blue Coat Lane in Westport, Connecticut.

Plaintiff's motion seeks a judgment against plaintiff in the amount of $274,610.08 plus interest and other statutory additions accruing since April 9, 2009 and an order allowing the United States to foreclose its federal tax lien on Jaeger's property in Westport.

In his counterstatement of the case, defendant Jaeger alleges that prior to making any payment to plaintiff, he has sought "legal validation and confirmation that the alleged assessments on which plaintiff bases its claim have been reached through proper administrative and legal procedures...."  Jaeger further argues that plaintiff has failed to respond to his discovery requests.

Plaintiff's motion for summary judgment was filed on May 4, 2009.  Jaeger filed an initial response on June 1, but was permitted to respond further.  On April 8 and June 3, Jaeger filed motions to compel (Docs. #21, 31), which were both denied by Magistrate Judge Fitzsimmons orally at a hearing on October 15, and then in writing on November 4.  At the October 15 hearing, Magistrate Judge Fitzsimmons granted Jaeger an additional thirty days, until November 14, to file a further response to plaintiff's motion.  To date, Jaeger has failed to do so.

## DISCUSSION

I.   **Motion for Summary Judgment**

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Liberty Lobby, 477 U.S. at 24.  The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him.  See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party.  See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the

record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

Defendant Jaeger's primary concern is that he has not had a chance to examine any materials in support of plaintiff's claim against him, to confront witnesses or have an opportunity to respond to the motion for summary judgment.  The United States has shared discovery materials with plaintiff, and plaintiff was given from May until November to respond substantively to plaintiff's motion.  Jaeger, as pro se, has had sufficient opportunity to answer the claims against him.  See Ruotolo v. Internal Revenue Service, 28 F.3d 6, 8 (2d Cir. 1994) (district court has obligation to make certain that pro se litigants are aware of and understand the consequences of failing to comply with the Local Rules).

The Internal Revenue Code provides that the "Secretary [of the Treasury] is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title... which have not been duly paid by stamp at the time and in the manner provided by law."  26 U.S.C. § 6201(a).  A federal tax assessment is made by the Internal Revenue Service "by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations proscribed by the Secretary."  26 U.S.C. § 6203.  To satisfy the IRS's obligations under section 6203, an assessment officer must sign a summary record of assessment providing (1) the taxpayer's name and address; (2) the character of the assessed liability; (3) the taxable

period, if applicable; and (4) the amount of the assessment.  Treas. Reg. § 301.6203-1; 26 C.F.R. § 301.6203-1.  Upon completion of these four steps, the IRS prepares Certificates of Assessments and Payments, commonly referred to as "Form 4340 Certificates," reflecting the assessments made against and any payments made by defendant.  United States v. John, 291 F. Supp. 2d 230, 234 (W.D.N.Y. 2003).  These certificates are consistently regarded as presumptively correct and as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of the notices and assessments listed therein.  See Hefti v. IRS, 8 F.3d 1169, 1172 (7th Cir. 1993); EDF v. United States, 1997 U.S. Dist. LEXIS 7593, *4 (S.D.N.Y. May 30, 1997).  Because of this, the burden is on the taxpayer to rebut the presumption.  See United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994).

The United States has submitted a Certificate of Assessments and Payments as well as the declaration of Rai Shepardson, a Technical Services Advisor for the IRS.  Together, these documents show that Jaeger has an outstanding unpaid federal tax liability for the year ending December 31, 2002 totaling $274,610.08 as of April 9, 2009.

Defendant Jaeger has offered no evidence that would cast doubt on this assessment or defeat summary judgment.  See Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case.").  Therefore, the Court will grant summary judgment and enter judgment in the amount of $274,610.08 in addition to any interest and statutory additions accruing since April 9.

Once the IRS makes an assessment against a taxpayer, and gives that taxpayer

notice and demand for payment, the IRS obtains a lien against a taxpayer on all property, including real property, belonging to the taxpayer. 26 U.S.C. §§ 6321, 6322. The IRS may then seek to enforce that lien in a foreclosure action in federal court. 26 U.S.C. § 7403(a).

Because the IRS has made a valid assessment against defendant Jaeger, the United States is entitled to a judgment of foreclosure in the amount owed against Jaeger's Westport property.[1]

## II.     Objection to Discovery Ruling

Defendant Jaeger has filed an objection to Magistrate Judge Fitzsimmons' Ruling on Pending Motions to Compel [Docs. #21 and 31] and Plaintiff's Oral Motion for Attorney's Fees, dated November 3, 2009. Because the Court will grant plaintiff's motion for summary judgment, defendant Jaeger's objection to Magistrate Judge Fitzsimmons' ruling is moot. If it were not moot, the Court would nonetheless overrule it.

A district judge can reconsider a magistrate judge's ruling on a discovery matter only when such ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In his objection, Jaeger raises the same issues that Magistrate Judge Fitzsimmons addressed and ruled upon without providing new arguments. In addition, Jaeger has been provided with all relevant discovery in this case. Upon review of

---

[1]     Pursuant to a stipulation between plaintiff and defendant Town of Westport, the parties will resolve their respective liens against defendant Jaeger's property out of court. Therefore, the Court will dismiss any claims by plaintiff against defendant Town of Westport without prejudice should the parties be unable to reach a resolution.

Magistrate Judge Fitzsimmons' ruling, the Court concludes that her ruling was not clearly erroneous or contrary to law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff United States' motion for summary judgment and DENIES defendant Jaeger's objection to Magistrate Judge Fitzsimmons' ruling on discovery as moot. The Clerk is instructed to enter judgment in accordance with this ruling and close the case.

Dated at Bridgeport, Connecticut, this 2d day of December, 2009.

                                                  /s/
                                      Warren W. Eginton
                                      Senior United States District Judge